IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE ESTATE OF SERGUEI KAZAKOV, by Personal Representative Natasha Chipiga <br> Plaintiff, <br> <br> vs. <br> DEGROOT LOGISTICS INC. <br> <br> Defendants. | Court No.: |

# COMPLAINT

Now Comes, the Plaintiff, the Estate of Serguei Kazakov by Personal Representative Natasha Chipiga and through the Law Offices of Robert Montgomery, for its cause of action against the Defendant, Degroot Logistics Inc. and states as follows:

## JURISDICTIONAL ALLEGATIONS

1. That on February 3, 2020, and at all relevant times thereafter, Plaintiff's decedent Serguei Kazakov was a citizen and a resident domiciled in the State of Florida.

2. On February 3, 2020, Defendant Degroot Logistics Inc, and at all relevant times thereafter was a corporation incorporated in the State of Illinois with its principal place of business at 3008 N Lincoln Ave Suite 1, Chicago, IL 60657 located within this Judicial District.

3. Plaintiff's cause of action arises from an incident occurring within White County, Indiana,

4. There is complete diversity of citizenship of the parties.

5. This Court has original jurisdiction over this action under *28 U.S.C. 1331* and *1332,* resulting from the diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

**COUNT I - DEGROOT LOGISTICS INC**

6. On September 16, 2021, Natash Chipiga, a citizen of Florida, was appointed Personal Representative of the Estate of Serguei Kazakov

7. On February 3, 2020, and at all times relevant to this cause, Defendant, Degroot Logistics Inc., was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390, *et seq.* (hereinafter, "Federal Regulations").

8. That at said time and place and by reason of the use and operation of said commercial motor vehicle by its agent; Degroot Logistics Inc., had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

9. On or about the above date the Serguei Kazakov was operating a motor vehicle in an easterly direction on State Rd. 24 or near County Rd. 25 South in White County, Indiana.

10. At the aforesaid time and place, Michael Anderson was a commercial truck driver in the use, possession, operation and control of a certain commercial motor vehicle on behalf of Degroot Logistics Inc. operated on State Rd 24 in a westerly direction at or near the above location.

11. That on said date and time, Michael Anderson was the agent and employee of DeGroot's Vegetable Farms.

12. That on said date and time, Michael Anderson was driving the above mentioned motor vehicle for the business of Degroot Logistics Inc.

13. That on said date and time Michael Anderson was in the course and scope of his employment with Degroot Logistics Inc.

14. That on said date and time, Degroot Logistics Inc. controlled and directed the destination, conduct and hours of employment of Michael Anderson.

15. That at said time and place and by reason of the use and operation of said motor vehicle; Degroot Logistics Inc. and by its employee Michael Anderson had a duty to exercise reasonable care in the driving of the vehicle for the safety of others lawfully on the public roadway.

16. That at said time and place and by reason of the use and operation of said commercial motor vehicle; Degroot Logistics Inc. had a duty to comply with the rules, regulations and standards set forth in the Federal Motor Carrier Safety Regulations and the Commercial Motor Vehicle Drivers Manual for the safety of others lawfully on the public roadway.

17. That at said time and place by reason of its status as owner of the motor vehicle operated by its agent Degroot Logistics Inc., had a duty to exercise reasonable care to maintain its vehicles in a good state of repair, in the selection of its agents authorized to drive motor vehicles, and to maintain proper supervisory control over its agents to provide for the safety of others lawfully on or upon public streets.

18. That notwithstanding said their duties of reasonable care, the Defendant Degroot Logistics Inc. committed one or more of the following careless and negligent acts or omissions:

    a. Drove said vehicle at a speed greater than was reasonable or proper under the circumstances;

    b. Disobeyed traffic signs and controls regulating vehicles on said public way;

    c. Failed to give an appropriate notice, signal, or warning of the

          approach of the motor vehicle to Plaintiff;

d.     Failed to keep the motor vehicle under control;

e.     Failed to keep a proper lookout for traffic on the roadway;

f.     Failed to properly reduce the speed of the vehicle to avoid a foreseeable and impending accident;

g.     Failed to exercise caution to avoid an impending accident;

h.     Failed to yield the right of way;

i.     Failed to properly supervise and train its agents.

j.     Negligently hired an individual who it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the subject tractor-trailer; and

k.     Negligently entrusted the subject tractor-trailer to an individual it knew or should have known had inadequate experience, training, knowledge, and skill to safely operate the vehicle.

19.     That on the above date the above negligent acts or omissions by the Defendant was a proximate cause of a collision between its motor vehicle and the motor vehicle operated by Serguei Kazakov which caused Serguei Kazakov to suffer pain, life altering physical injuries, disabilities and emotional suffering knowing he was going to die all which could have been avoided with the exercise of proper caution by the Defendant.

WHEREFORE, the Plaintiff prays for the entry of a judgment against the Defendants in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

## **COUNT II – WRONGFUL DEATH**

The Plaintiff alleges and repeats paragraphs 1 through 19 of Count I as paragraphs 1 through 19 of Count II as though fully set out herein.

20.     One or more of the above-mentioned negligent acts and/or omissions of the Defendant, Degroot Logistics Inc. was a proximate cause of a collision between its motor vehicle

and the motor vehicle operated by Serguei Kazakov which caused Serguei Kazakov to suffered physical injuries that led to a deterioration of his medical condition ultimately resulting in his wrongful death on February 3, 2020.

21. As a direct and proximate result of the wrongful acts or omissions of the Defendant, as heretofore alleged, The Estate of Serguei Kazakov has become indebted and liable for certain, medical, hospital expenses and funeral expenses.

22. Serguei Kazakovr's heirs and next of kin suffered pecuniary losses and loss of society and companionship as a result of the wrongful death of Serguei Kazakov .

23. The Plaintiff, Natasha Chipiga in her capacity as Special Administrator of the Estate of Serguei Kazakov, deceased, brings this cause of action to recover for the wrongful death of Serguei Kazakov which includes loss of society, service, love affection and companionship sustained by the next of kin as a result of Serguei Kazakov's death, costs of the administration and attorney fees in bringing this action

WHEREFORE, the Plaintiff prays for the entry of a judgment against the Defendants in an amount that is in excess of $75,000.00 and fair and reasonable plus costs.

Plaintiff further demands trial by jury.

/s/Robert A. Montgomery
Robert A. Montgomery
Attorney for Plaintiffs

Robert A. Montgomery
Attorney at Law
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
T: 312-236-7700; F: 312-605-8808
E-Mail: rm@rmontlaw.com
Attorney Code: 1946129